1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

8
9
10
11
12
13
14

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  19-cr-00611-BLF-2 |
| Plaintiff, | |
| v. | **ORDER REQUIRING RESPONSE TO DEFENDANT PAQUE'S § 2255 MOTION AND SETTING BRIEFING SCHEDULE** |
| OCTAVIO PAQUE, | |
| Defendant. | [Re:  ECF 161] |

15        Defendant Octavio Paque ("Paque"), through counsel, has filed a Motion to Vacate

16   Conviction pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion").  *See* § 2255 Mot., ECF 161.  After

17   screening the motion, the Court finds it appropriate to order a response and to set a briefing

18   schedule.  The Court's reasoning and the applicable briefing schedule are set forth below.

19   **I.        BACKGROUND**

20        On November 14, 2019, a grand jury issued an indictment charging Paque and two co-

21   defendants with drug offenses.  *See* Indictment, ECF 10.  Pursuant to a plea agreement, Paque pled

22   guilty to and was convicted of Count One, conspiracy to distribute and possess with intent to

23   distribute cocaine in violation of 21 U.S.C. §§ 841 and 846.  *See* Plea Agmt, ECF 124; Judgment,

24   ECF 138.  He was sentenced to a 24-month term of imprisonment followed by a 3-year term of

25   supervised release.  *See* Judgment.  Judgment was entered on December 19, 2022.  *See id.*

26        Paque filed the present § 2255 Motion on September 11, 2023, asserting a single claim of

27   ineffective assistance of trial counsel.  He claims that he has had a green card – i.e., has been a

28   legal permanent resident of the United States – since 1999.  He further claims that he was not

1    advised by trial counsel that a plea of guilty to the charged offense would render it virtually certain

2    that he would lose his green card and be removed.  Paque asserts that but for trial counsel's

3    inadequate advice, he would not have accepted the plea agreement and instead would have

4    negotiated more favorable terms or gone to trial.  He requests that his guilty plea be set aside and

5    his conviction be vacated.

6    II.    **LEGAL STANDARD**

7          A prisoner in federal custody may move to vacate, set aside, or correct his sentence based

8    on a claim that "the sentence was imposed in violation of the Constitution or laws of the United

9    States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

10   in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28

11   U.S.C. § 2255(a).  "The judge who receives the motion must promptly examine it."  Rules

12   Governing § 2255 Proceedings, Rule 4(b), 28 U.S.C. foll. § 2255.  "If it plainly appears from the

13   motion, any attached exhibits, and the record of prior proceedings that the moving party is not

14   entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

15   party."  *Id.*  However, if the judge does not summarily dismiss the motion, the judge must order

16   the Government to file an answer or other appropriate response.  *See id.*

17   III.   **DISCUSSION**

18         Under this standard, the Court must determine whether Paque's claim of ineffective

19   assistance of trial counsel is so devoid of merit that it should be summarily dismissed or,

20   alternatively, whether the Government should be required to file a response.  "[A] district court

21   may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed

22   against the record, do not give rise to a claim for relief or are palpably incredible or patently

23   frivolous."  *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (quotation marks and

24   citation omitted).  Put another way, "[t]o avoid summary dismissal, a petitioner must allege

25   specific facts which, if true, would entitle him to relief and the petition, files and record of the case

26   cannot conclusively show that he is entitled to no relief."  *Blick v. United States*, No. C20-1877-

27   JCC, 2021 WL 693644, at *1 (W.D. Wash. Feb. 23, 2021) (quotation marks and citations

28   omitted).

United States District Court
Northern District of California

2

1   The facts alleged by Paque, if proved, arguably would satisfy the *Strickland* standard,

2   which requires a showing of deficient performance and prejudice. *See Strickland v. Washington*,

3   466 U.S. 668 (1984). Paque claims that a minimal amount of research would have revealed that

4   any conviction under 21 U.S.C. § 841 would result in removal, and that trial counsel's failure to

5   advise him of that fact constituted deficient performance. That is a viable claim under controlling

6   Ninth Circuit authority. *See United States v. Rodriguez-Vega*, 797 F.3d 781, 786 (9th Cir. 2015)

7   ("[W]here the law is 'succinct, clear, and explicit' that the conviction renders removal virtually

8   certain, counsel must advise his client that removal is a virtual certainty."). Paque alleges that but

9   for his trial counsel's deficient performance, he would not have accepted the plea agreement but

10  instead would have negotiated more favorable terms or gone to trial. For screening purposes,

11  Paque's allegations must be taken as true unless they are "palpably incredible or patently

12  frivolous." *United States v. Leonti*, 326 F.3d 1111, 1114 (9th Cir. 2003). Paque's allegations do

13  not appear to be incredible or frivolous. Accordingly, the Court will direct the Government to

14  respond to the § 2255 motion.

15  **IV.   ORDER**

16      (1)   Within 60 days after the date of this order, the Government shall file either an

17            answer or a motion to dismiss. The Government shall address Paque's request for a

18            hearing.

19      (2)   If the Government files an answer, it shall conform to Rule 5 of the Rules

20            Governing Section 2255 Cases. Paque may file a reply within 30 days after the

21            answer is filed.

22      (3)   If the Government files a motion to dismiss, Paque may file opposition within 30

23            days after the motion is filed, and the Government may file a reply within 15 days

24            after the opposition is filed.

25

26  Dated: September 14, 2023

27            BETH LABSON FREEMAN
            United States District Judge

28

*United States District Court*
*Northern District of California*

3