# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OCTAVIO PAQUE,<br><br>Defendant. | Case No. 19-cr-00611-BLF-2<br><br>**ORDER GRANTING UNITED STATES'** ***EX PARTE*** **MOTION FOR LIMITED WAIVER OF PRIVILEGE TO ALLOW IMMIGRATION COUNSEL TO PROVIDE TESTIMONY AND DOCUMENTS, AND OTHER RELIEF**<br><br>[Re: ECF 188] |

The Court has considered the United States' *Ex Parte* Motion For Limited Waiver Of Privilege To Allow Immigration Counsel To Provide Testimony And Documents, And Other Relief (ECF 188) and Defendant's opposition thereto (ECF 191). The Court previously granted the United States' motion for a limited waiver of attorney-client privilege to allow defense counsel, Jesse Ortiz, to provide declarations and documents to allow the United States to adequately respond to Defendant's Motion to Vacate Conviction pursuant to 28 U.S.C. § 2255 (the "Motion"). The United States hereby seeks an additional order, finding a limited waiver of attorney-client privilege between Defendant and the immigration counsel with whom he consulted prior to pleading guilty, Mr. Brian Hedrick, to permit the United States to fully respond to the claims raised in Defendant's Motion at the evidentiary hearing scheduled for August 20, 2024.

Rule 6(a) of the Rules Governing § 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Rules Governing § 2255 Proceedings, Rule 6(a), 28 U.S.C. foll. § 2255. To afford the United States the means to

1  fully and fairly respond to Defendant's claim of ineffective assistance of defense counsel, this
2  Court can enter an order finding that Defendant has waived the attorney-client privilege in limited
3  part and that the United States should be permitted to inquire into those communications for the
4  limited purpose of responding to the Motion and conducting the evidentiary hearing ordered by
5  the Court.  When a party places an attorney's representation in issue, that party waives the
6  attorney-client privilege on the matters challenged.  *See Bittaker v. Woodford*, 331 F.3d 715, 718-
7  19 (9th Cir. 2003) (*en banc*) ("The principle is often expressed in terms of preventing a party from
8  using the privilege as both a shield and a sword.").  This waiver is not self-enforcing, but upon
9  motion of the United States, the district court may enter an order finding waiver.  *See id*. at 727.

10  Here, Defendant has waived the attorney-client privilege with respect to Mr. Hedrick,
11  because disclosure of the conversations and other information relating to Mr. Hedrick's contacts
12  with Defendant is the only way for the Court to make a full and fair inquiry into Defendant's
13  allegations regarding the allegedly deficient performance of defense counsel, and Defendant's
14  claim that he was not made aware of the immigration consequences of pleading guilty but that if
15  he had been aware, he would not have pled guilty.  Defense counsel represents that he not only
16  advised Defendant regarding the immigration consequences of pleading guilty, but also referred
17  Defendant to a colleague, an immigration lawyer, to further advise him as such.  Defendant cannot
18  use the attorney-client privilege as a shield to prevent the Court from fully inquiring into the
19  nature and scope of the advice Defendant received, from or at the direction of defense counsel,
20  regarding the immigration consequences of his plea.

21  The Court HEREBY FINDS GOOD CAUSE for the limited waiver of attorney-client
22  privilege with respect to Mr. Hedrick requested by the United States.

23  Accordingly, IT IS HEREBY ORDERED.

24  (a) Defendant has waived the attorney-client privilege in limited part, as to the allegations
25  relating to counsel in the Motion as detailed herein;

26  (b) that the United States is entitled to inquire of and obtain records, and testimony from
27  Mr. Brian Hedrick, the immigration lawyer to whom Jesse Ortiz referred Mr. Paque, and who, in
28  addition to Mr. Ortiz, advised Mr. Paque regarding the immigration consequences of pleading

2

guilty in the above-captioned case, on the following subject area; and that Mr. Hedrick is ordered to provide the United States with any correspondence, e-mails, notes, or other materials in his possession or the possession of any associates who worked with or at the direction of Mr. Hedrick in the representation of Defendant that relate to the following subject area:

      1. What discussion occurred between Defendant and Mr. Hedrick regarding Defendant's decision to enter into the plea agreement in this case and regarding the immigration consequences of entering into the plea agreement;

    (c) that the United States is entitled to inquire and obtain records and testimony from Mr. Jesse Ortiz regarding his knowledge and understanding of the above-listed subject area, including notes written by Mr. Hedrick regarding his discussion with Mr. Paque, which are in Mr. Ortiz's possession;

    (d) that the United States is precluded from using the privileged information and material for any purpose other than litigating the instant Motion; and

    (e) that the United States may not disclose these materials to any other persons, excluding other representatives of the United States Attorney's Office or law enforcement agents who are assisting with the Motion.

    The Ninth Circuit has held that when a Defendant alleges ineffective assistance of counsel and calls his attorney's advice and counsel into question, that Defendant has necessarily waived the attorney-client privilege and a "court must impose a waiver [of the privilege] no broader than needed to ensure the fairness of the proceedings before it . . . [but] the holder of the privilege may preserve the confidentiality of the privileged communications by choosing to abandon the claim that gives rise to the waiver condition." *Bittaker*, 331 F.3d at 720-21.

    Accordingly, the Court FURTHER ORDERS that Defendant may file a notice that Defendant wishes to preserve the attorney-client privilege by abandoning Defendant's ineffective assistance of counsel claim and withdrawing the Motion. That notice must be filed by 12:00 p.m. on August 19, 2024. If no such notice is filed, Defendant's attorney-client privilege, including any attorney-client privilege between Mr. Hedrick and Defendant, will be deemed waived as to the matters raised in the Motion.

IT IS SO ORDERED.

Dated: August 15, 2024

_____
BETH LABSON FREEMAN
United States District Judge